

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **DAVID MORGAN**<br>**Plaintiff** | §<br>§<br>§<br>§ | CIVIL ACTION NO. |
| v. | §<br>§ | |
| **Pioneer Parkway Ltd., Ginco**<br>**Investment Company and Hho**<br>**United Group, Inc.**<br>**Defendants** | §<br>§<br>§<br>§<br>§ | **Complaint for ADA Discrimination**<br><br>**JURY TRIAL** |

4-11CV-890-Y

## ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

1.  Plaintiff David Morgan is an individual with a disability.  Plaintiff brings this action pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq* and the Tex. Hum. Res. Code § 121.001 *et seq*.  This Complaint seeks redress for past and continuing discrimination against persons with disabilities and to bring the premises into compliance with the ADAAG[1].  This discrimination is occurring at the shopping plaza at the north west corner of Collins and Pioneer Parkway in Arlington (the "Center").  The Center is platted as several separate pieces of property though on the ground the Center appears to share its parking amongst the platted pieces and no person visiting or trying to use the Center would know or care that it is broken up in the platting.

2.  Plaintiff seeks to enjoin the Defendants from maintaining and to require that the Defendants remove the architectural barriers that interfere with Plaintiff's right to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations

of the Defendants at this Center.

3. Plaintiff also seeks a permanent injunction to prevent the Defendants from engaging in these unlawful practices, as well as declaratory relief and attorney's fees and costs of litigation.

## JURISDICTION

4. This Court has jurisdiction over the federal claims brought in this action under 28 U.S.C. §1331 and 42 U.S.C. §12188 and supplemental jurisdiction over any state claims pertaining to this discrimination under 28 U.S.C. §1367.

## PARTIES

5. Plaintiff David Morgan is an individual with a disability within the meaning of the ADA Sec. 3(2)(A), 42 U.S.C. 12102(2)(A) ), and a "Person with a disability" as defined by Tex. Hum. Res. Code § 121.002(4). He uses a wheelchair for mobility.

6. Defendant, Pioneer Parkway Ltd. is a Texas Limited Partnership doing business in Texas. Pioneer Parkway Ltd. owns part of the Shopping Center in this case. The general partner of Pioneer Parkway Ltd. is Ginco Investment Company. Ginco is also the agent for service of process for Pioneer Parkway Ltd. and can be reached at 2808 Fairmount, Ste. 110, Dallas, Texas 75201. The agent for service on Ginco Investment Company is Donald Goldman and he can be served with notice at the same address, or wherever he may be found.

7. Defendant Hho United Group, Inc. is a Texas corporation doing business in Texas. Hho United Group, Inc. owns part of the Center. It can be served by serving Ninaya Qaddura

---

[1] Federal ADA Guidelines for Buildings and Facilities, 28 CFR Part 36, Appendix A, (the "ADAAG").

*PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL*

at 13434 Floyd Circle, Dallas, Texas 75243, or wherever he may be found. All of the Defendant's together are herein collectively referred to as the Landlords.

8. The Landlords own the real property where the Center is located. The Landlords presumably "lease to" the tenants who then own or operate the businesses within the Center. There are numerous different businesses located at the Center such as Halal Import Food Market, Al Hamara Restaurant, Wash World, Bingo Bucks, Speedy Cash and Pho Palace to mention just a few. Each of these businesses, as tenants, are also jointly and severally responsible for the access into their premises under the ADA. The Center has its own parking and is generally located at the corner of Pioneer Parkway and Collins in Arlington, Texas and more particularly described in Tarrant County records as Southmoor Addition Blk Lot 4B1 and Southmoor Addition Blk Lot 4B1A (both owned by Pioneer Parkway Ltd. with a combined value of approximately $1,900,000.00) and Southmoor Addition Blk Lot 4A (owned by Hho United Group, Inc. valued at approximately $1,700,000.00) Together all of the real property is referred to as the Center and has a value in excess of three and a half million dollars, ($3,500,000.00).

## BACKGROUND

9. Almost 20 years ago Congress determined that disabled people, such as the Plaintiff, were being discriminated against by businesses, such as the Center. Specifically Congress found *inter alia* the following:

(a) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;
(b) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

*PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL*
Page 3 of 13

(c) discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(d) unlike individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age, individuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination;

(e) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities; 42 U.S.C. 12101(a).

10. As a result of these findings the Congress passed the Americans with Disabilities Act (the "ADA"), 42 U.S.C. Sec. 12101 *et seq*. That act forms the basis for this action. The ADA was designed to do several things, specifically among other things:

(a) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(b) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; 42 U.S.C. 12101(b).
As a result of Mr. Morgan's disability using many public accommodations is difficult. The Center, by failing to come into compliance with the law continues the discriminatory effects that the law sought to reform.

11. As a result of Mr. Morgan's disability, using many public accommodations is already difficult. The Defendants, by failing to comply with the law, continue the discriminatory effects that the law sought to reform. Under the law, both the landlord who owns the building and the tenants who own or operate the places of public accommodation are liable for the violations of the ADA alleged herein. <u>As between those parties</u>, allocation of responsibility for complying with the obligations of the ADA may be determined by lease or other contract. [2] 36 C.F.R. 201 (b).

---

**PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

12.     Congress provided that the primary enforcement mechanism for the ADA would be private citizens, like Mr. Morgan. Private citizens have been given the right to file suit to enforce this civil rights law to assure access to the public accommodations in the United States. Mr. Morgan, through this suit, seeks to enforce that right. The Center is completely under the control of the Defendants. Therefore the existence of the barriers is the responsibility of the Defendants in this case. The Plaintiff has no control of the Center or the fact that he is disabled. The existence and requirements of the ADA are well known and should come as no surprise to any entity operating a business or owning commercial property. At anytime prior to this filing the Defendants could have modified the Center or their portion of the Center to come into compliance and thereby avoided this lawsuit entirely. One of the defendants has had more than 10 years.  The other defendant has had more than 17 years to do so. Neither chose to make the necessary modifications to come into compliance and thereby avoid suit.

**FACTS**

13.     Mr. Morgan uses a wheelchair to get around. Mr. Morgan lives in Arlington. He has visited the Center on several occasions.

14.     The Center is a large open air shopping center or "strip center". It has its own parking. The Center has many architectural barriers. First of all there is no accessible route to any of the businesses from the public sidewalk almost 20 years after passage of the ADA. Much of the "accessible parking" is not accessible. There are excessive slopes in many of the parking spaces and access aisles. Many of the curb ramps are not accessible. There are

---

[2] The Tenants have not been formally joined yet in an effort to try and resolve this case without that additional

*PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL*

actually stairs on the "accessible" route between different businesses at the Center. There are not enough accessible parking spaces allocated at the Center. By the Halal Import Store the accessible parking aisle is located in the same place that the shopping carts are kept. It is in a metal enclosed area, rendering the access aisle useless. Either the access aisle was placed in this cart retaining area, or the cart retaining area was placed in the access aisle. Either way the condition is inexcusable and a clear violation of both State and Federal law. There is no reasonable explanation for why the carts would be kept in the access aisle.

15. This is not a complete list of the barriers at the Center. A complete list will be provided to the Defendants after discovery is conducted. This listing is merely intended to provide the Defendants with information sufficient to conform to the notice pleading requirements. The Center has not been brought into compliance with the requirements of the ADA over the last 18 years. It was readily achievable for each of the defendants to have removed at least one or more of the architectural barriers at the Center over the last 10 years.

16. Upon each visit Mr. Morgan will encounter some of the above listed architectural barriers at the Center. Despite those barriers he will continue to try and use the Center as best as he can.

17. The barriers located at the Center discriminate against him with regards to using the goods, services, facilities, privileges, advantages, and accommodations located at the Center as required by the law.

18. As a result of the Defendants' conduct and in order to pursue this matter Plaintiff retained counsel with more than 22 years of experience, including having been appointed class counsel on several occasions to represent mobility impaired individuals of Texas in just

---

complication.

**PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

this type of case. The Plaintiff has agreed to pay his attorneys a reasonable fee. Pursuant to his statutory rights, Mr. Morgan will seek to recover his fees and any costs in this litigation from the Defendants if he is the prevailing party in this case.

## CAUSES OF ACTION
### Count 1

**ADA - Failure to Accommodate When Removal was Readily Achievable**

19. The law requires that "[n]o individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation *by any person who owns, leases (or leases to), or operates a place of public accommodation*". 42 U.S.C. §12182(a) (italics added).

20. A facility means all *or any portion of buildings*, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure, or equipment is located. 28 CFR part 36.104 Definitions (italics added).

21. The Center and the business in it are public accommodations.

22. The ADA places an ongoing obligation on all public accommodations to remove architectural barriers from existing facilities and public accommodations if that removal is readily achievable.

> Readily achievable means easily accomplishable and able to be carried out without much difficulty or expense. In determining whether an action is readily achievable factors to be considered include --
>
> (1) The nature and cost of the action needed under this part;

*PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL*

> (2) The overall financial resources of the site or sites involved in the action; the number of persons employed at the site; the effect on expenses and resources; legitimate safety requirements that are necessary for safe operation, including crime prevention measures; or the impact otherwise of the action upon the operation of the site;

28 CFR part 36.104 Definitions

23. The Center has an overall value of more than $3,500,000.00 dollars. The Defendants, like the owners or operators of all public accommodations, have known or should have known about the obligation to make alterations to provide access into the Center. One of the Landlord has owned the Center for more than 25 years, the other has owned it more than 10. Over the last 10 years, it has been readily achievable for the Defendants to have removed some, one, or more of the barriers set out earlier in the "Facts" portion of this Complaint, or other barriers at the Center, but they have not done so.

24. The Justice Department has set out the priorities for barrier removal. Specifically the Justice Department has determined as follows:

> (c) Priorities. A public accommodation is urged to take measures to comply with the barrier removal requirements of this section in accordance with the following order of priorities.
>
> (1) <u>First, a public accommodation should take measures to provide access to a place of public accommodation from public sidewalks, parking, or public transportation. These measures include, for example, installing an entrance ramp, widening entrances, and providing accessible parking spaces.</u>

28 CFR part 36.304(c) (emphasis added)

25. The barriers that exist at the Center include non-compliant accessible parking, no accessible route through the facility, and no accessible route from public sidewalks to the front door. <u>18 years after this law went into effect this Center is operating with the exact</u>

***PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL***

same types of barriers that would have had existed before the law was passed and which the law was intended to remove. The Defendants have failed to remove the barriers that are the most basic priority in order to provide access to the facility.

26. The Defendants discriminate against Plaintiff on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations at the Center in that the Defendants do not afford to Plaintiff or any other mobility impaired individual the full and equal use and or enjoyment of or access to the goods, services, facilities, privileges, advantages, and accommodations available at the Center as required by law because the Defendants have failed to remove those barriers where the removal was readily achievable.

27. As a direct and proximate result of the Defendants' denial of appropriate and dignified access into and use of the Center, the Defendants deprive the Plaintiff of his civil liberties and thereby discriminate against him.

## Count 2
## ADA - Improper Alterations

28. 36 C.F.R. 406 provides that, "(a) New construction <u>and alterations</u> subject to this part shall comply with the standards for accessible design published as appendix A to this part (ADAAG)." (emphasis added) As such the law requires that alterations be built in compliance with the ADAAG new construction standards.

> (a) General. (1) Any alteration to a place of public accommodation or a commercial facility, after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.

(2) An alteration is deemed to be undertaken after January 26, 1992, if the physical alteration of the property begins after that date.

(b) Alteration. For the purposes of this part, an alteration is a change to a place of public accommodation or a commercial facility that affects or could affect the usability of the building or facility or any part thereof.

28 C.F.R. 36.402

29.     The facts in this Complaint set out and describe numerous features at the Center that "affect or could affect the usability of the building or facility or any part thereof." Some of the barriers, upon information and belief, were modified after the date of construction and after the date for "modifications" under the ADA. Until discovery is conducted, the Plaintiff cannot know exactly when any possible modifications were completed. The Plaintiff suspects that the barriers to the access aisle by the Halal Import store, along with some of the parking spaces and curb cuts to inaccessible parking are modifications. When modifications affecting the usability of the Center are designed and constructed after the requirements of the ADA went into effect those modifications must comply with the ADAAG for new construction.

30.     The Defendants discriminate against Plaintiff on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations at the Center in that, the Defendants do not afford to Plaintiff or any other mobility impaired individual the full and equal use and or enjoyment of or access to the goods, services, facilities, privileges, advantages, and accommodations available at the Center as required by law because they have failed to ensure that the alterations or modifications made after January 26, 1992 are accessible to the maximum extent feasible.

31.     As a direct and proximate result of the Defendants' denial of appropriate and

dignified access into and use of the Center, the Defendants have deprived Plaintiff of his civil liberties and thereby discriminated against him.

## Count 3
## Tex. Hum. Res. Code – Discrimination

32.     Tex. Hum. Res. Code § 121.003(a) provides that persons who are physically disabled have the same right as the able-bodied to the full use and enjoyment of any public facility in the state.

33.     TEX GOV CODE §469.003 (Vernon 2003) defines one set of public facilities covered by the law, specifically, "a privately funded building or facility defined as a "public accommodation" by Section 301(7) of the Americans with Disabilities Act of 1990 (42 U.S.C. Section 12181), and its subsequent amendments, that is constructed or renovated, modified, or altered on or after January 1, 1992" (emphasis added). The Center is covered under this definition as previously set out in this Complaint.

34.     The State of Texas, Texas Accessibility Standards (the "TAS") of the Architectural Barriers Act, Article 9102, Texas Civil Statutes, are similar to and closely track the ADAAG. The TAS clearly sets out certain requirements for public accommodations such as the Site with regards to design requirements.

35.     Complying with the TAS is a requirement of Chapter 469 of the Government Code. Violation of TAS is therefore a violation of Chapter 469.  A violation of Chapter 469 is a violation of §121.003(d)(1) of the Tex. Hum. Res. Code. because §121.003 (d)(1) specifically states that a failure to comply with Article 9102, Texas Civil Statutes is a form of discrimination in Texas. Therefore violation of the TAS requirements is a violation of §121.003 of the Tex. Hum. Res. Code.  Article 9102 was simply codified into Chapter 469 of

the Government Code in 2003.

36. Many of the architectural barriers previously set out in the "Facts" portion of this Complaint regarding the access at the Center may be violations of the TAS requirements as well as the ADAAG, including the access aisle that is right in the middle of the cart storage area at the Halal Import store.

37. Any public facility that violates the provisions of Section 121.003 is deemed to have deprived a person with a disability of his or her civil liberties. The person with a disability deprived of his or her civil liberties may maintain a cause of action for damages in a court of competent jurisdiction, and *there is a conclusive presumption of damages in the amount of no less than $100*. Tex. Hum. Res. Code § 121.004(b). (italics added.)

38. As a direct and proximate result of the Defendants' violation of Texas law and their denial of appropriate and dignified access into and use of the Center, the Defendants deprived Mr. Morgan of his civil liberties. Mr. Morgan suffered inconvenience and the indignity and stigma of discrimination as a result.

## REQUEST FOR RELIEF

*Wherefore* Plaintiff respectfully requests that the Court grant the following relief:

39. An order directing the Defendants to make modifications to the Center to bring it into compliance with State and Federal law.

40. An order directing the Defendants to stop discriminating against Mr. Morgan now and in the future.

41. An award to Plaintiffs for his attorney's fees, including litigation expenses, and costs.

42. Entry of money judgment against the Defendants, awarding Mr. Morgan damages for the violation of his civil rights under Texas state law in an amount no less than the statutory

*PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL*

minimum of $100.00 for each violation of his civil rights under state law. The exact amount to be determined by the trier of fact.

43.    An award to Plaintiff for all other relief legal and equitable which the Court deems just and proper.


Respectfully submitted December 23, 2011 by,


_____
**Mr. Palmer D. Bailey**
Bar Card No. 01533400
Law Office of Palmer Bailey, *A Professional Corporation*
16633 Dallas Parkway, Suite 600
Addison, TX 75001
Tel. 972.588.1863
Fax. 972.588.1801
Inlight226@aol.com


**Attorney for Plaintiff**


*Plaintiff demands a trial by jury.*

JS 44 (Rev. 3/99)                                        CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
David Morgan

## DEFENDANTS
Pioneer Parkway, Ltd. Ginco Investments Company, and Hho United Group, Inc.

**(b)** County of Residence of First Listed Plaintiff  Tarrant
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Law Office of Palmer Bailey, p.c.
Attn: Palmer Bailey
16633 DALLAS PKWY STE. 600
Addison, TX 75001
972.588.1863

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- X 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | X 443 Housing/ Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

X 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Complaint for discrimination under the ADA for accommodations 42 U.S.C. 12101 et.seq

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    CHECK YES only if demanded in complaint:
JURY DEMAND: x Yes   No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____   DOCKET NUMBER _____

DATE 12/23/11    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # FW015931   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____